UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Cleveland, III | ) | C/A No. 6:15-4384-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Judge Daniel D. Hall, in his official capacity as | ) | |
| Circuit Court Judge of South Carolina; and | ) | |
| Karen C. Ratigan, in her official capacity as Senior | ) | |
| Assistant Deputy Attorney General of | ) | |
| South Carolina; | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

George Cleveland ("Plaintiff") has filed a lengthy pleading regarding his state Post Conviction Relief case, which was dismissed by Order filed April 7, 2015. See Doc. 1 at 8.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

1

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983,[1] which provides a private cause of action

---

[1] Plaintiff indicates that his action is "a Rule to Show Cause in contempt of Court under Title 18 U.S.C.A. § 401." 18 U.S.C.A. § 401 provides as follows:
  A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
  (1)    Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
  (2)    Misbehavior of any of its officers in their official transactions;
  (3)    Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.
This statutory section does not create a private cause of action.

2

for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, both of the Defendants named by Plaintiff are entitled to immunity from suit.

    1.      Judicial Officer

Plaintiff has sued Judge Daniel D. Hall, a South Carolina circuit judge. Plaintiff's claims against this judicial officer based on his official participation and resulting judicial rulings made in relation to Plaintiff's post conviction relief action in the South Carolina state court are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for

the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against Defendant Hall, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

4

violated or declaratory relief was unavailable.

*Id*. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

2.      State Attorney

Plaintiff sues Defendant Karen C. Ratigan for actions associated with Plaintiff's post conviction relief case. To the extent Defendant was acting in her role as an assistant attorney general, she is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). In *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Anderson v. State Attorney Gen. of S. Carolina*, 2008 WL 5100801, at *6 (D.S.C. 2008). Furthermore, the prosecutorial immunity established in *Imbler* extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See id. (citing* <u>Houston v. Partee,</u> 978 F.2d 362, 365 (7th Cir.1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); and <u>Bruce v. Wade,</u> 537 F.2d 850 (5th Cir.1976) (challenges to conviction protected

5

by the immunity doctrine)). As Plaintiff's allegations against Defendant Ratigan appear to stem entirely from her role as a state prosecutor, she is entitled to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice.  See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 30, 2015  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).