UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 6:15-4384-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Judge Daniel D. Hall, in his official capacity | ) | |
| as Circuit Court Judge of South Carolina; | ) | |
| and Karen C. Ratigan, in her official | ) | |
| capacity as Senior Assistant Deputy | ) | |
| Attorney General of South Carolina, | ) | |
| *official capacity,* | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff George Cleveland, III, currently incarcerated at Turbeville Correctional Institution and proceeding *pro se*, brought this action pursuant to 18 U.S.C. § 401, alleging that the named Defendants engaged in misconduct related to the handling of his post conviction relief ("PCR") application. On October 28, 2015, Plaintiff filed this action, demanding a hearing on the allegations contained therein. [ECF #1]. This matter is before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, filed on November 30, 2015. [ECF #9]. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R, the Magistrate Judge recommends summary dismissal of Plaintiff's complaint as to both Defendants. Plaintiff filed a Motion for Extension of Time to File Objections and a Motion for Injunctive Relief on December 29, 2015. [ECF #11; ECF #12]. The motion requesting injunctive relief sought to enjoin Warden Richard Cothran of the Turbeville Correctional Institution

1

from keeping Plaintiff in "lock-down" so that he could filed his objections. [ECF #12] Plaintiff was granted additional time to file his objections on December 30, 2015. [ECF #14]. On January 4, 2016, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. [ECF #16]. Without ruling on the merits of the requested injunctive relief, this Court finds that the motion for injunction requesting additional time to file objections [ECF #12] is moot because the requested relief was granted.

## Background

Plaintiff filed this action pursuant to 18 U.S.C. § 401,[1] alleging that Judge Daniel D. Hall, a judge in Greenville County, "rubber-stamped" a proposed order prepared by assistant attorney general Karen Ratigan. [ECF #1]. Specifically, Plaintiff alleges that his PCR application was dismissed without any mention of his legal arguments and based on untrue statements regarding the review of the court's record in this case. [ECF #1, p. 2]. Plaintiff argues both Defendants disobeyed a lawful order of the Supreme Court, and he requests a hearing, jail time and/or fines for the Defendants, as well as damages and costs. [ECF #1, pp. 17-18].

On November 30, 2015, Magistrate Judge Thomas E. Rogers, III issued his Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed based on immunity grounds as to both Defendants. [ECF #9]. On January 4, 2016, Plaintiff filed objections to the R&R. This matter is now before this Court for consideration.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This contempt statute provides as follows: "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as (2) [m]isbehavior of any of its officers in their official transactions." 18 U.S.C. § 401(2).

2

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Still, pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Initially, this Court notes that upon a review of the objections, Plaintiff does not provide any specific objections to the legal analysis of the dismissal of either Defendant based upon immunity grounds. This Court is not required to conduct a *de novo* review when Plaintiff makes only "general and conclusory objections." *Orpiano*, 687 F.2d at 47. In any event, this Court will consider each objection made by Plaintiff in turn.

In the R&R, the Magistrate Judge considered Plaintiff's complaint pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff's first four objections are variations of his argument that the Magistrate Judge does not properly characterize this complaint as being brought under 18 U.S.C. § 401, a contempt statute. [ECF #16, p. 2]. However, the Magistrate Judge addressed the characterization of Plaintiff's complaint in a footnote, explaining that this particular statute does not create a private cause of action.

3

[ECF #9, p. 2]. Plaintiff's third objection specifically states that the Fourth Circuit lacks the jurisdiction to rule on whether 18 § U.S.C. 401 provides for a private cause of action; however, courts have consistently recognized this statute as referencing the inherent power of the courts to enforce their own judgments. *See Yates v. United States*, 227 F.2d 844, 845 (9th Cir. 1955); *Evans v. Int'l Typographical Union*, 81 F. Supp. 866 (S.D. Ind. 1948) (explaining that federal courts have inherent power to enforce their judgments by contempt proceedings). The statute itself confers powers to the courts of the United States. 18 U.S.C. § 401. Accordingly, Plaintiff's first four objections are overruled.[2] Plaintiff's seventh and eighth objections again reiterate Plaintiff's issue with the re-characterization of this Complaint as being brought under any other statute than 18 U.S.C. § 401. For the reasons previously stated, this objection is overruled.

Plaintiff's fifth objection is that the R&R does not identify portions of his pleading where he seeks injunctive relief against Defendant Judge Hall. In essence, it appears Plaintiff is objecting to the characterization of his pleading as requesting any sort of injunctive relief against Judge Hall. Presumably, the Magistrate Judge included this analysis within the R&R because Plaintiff filed a motion for injunctive relief, in addition to his complaint. The Magistrate Judge reasoned that under 42 U.S.C. § 1984, because there was no declaratory decree involved in the underlying PCR application and no legal basis shown for entry of any declaratory judgment, any proferred claims for injunctive relief against Judge Hall would be statutorily barred. This Court agrees with the Magistrate Judge's analysis of any potential claim for injunctive relief brought against Defendant Judge Hall in this case. Therefore,

---

[2] Within Plaintiff's objections, he provides a footnote explaining that the final draft of his contempt filing should cite subsection (3) of 18 U.S.C. § 401, which allows the courts to punish for "disobedience or resistance to its lawful writ, process, order, rule, decree, or command." As previously addressed in this Order, the statute, including all subsections does not create a private cause of action.

4

in spite of Plaintiff's suggestion that he is not bringing an injunctive relief claim against Defendant Judge Hall, this objection is overruled.

Plaintiff's sixth objection relates to the Magistrate Judge's discussion of prosecutorial immunity against Defendant Karen Ratigan. Plaintiff objects to the application of this doctrine against Defendant Karen Ratigan because he alleges this doctrine does not protect ex parte communications. He further objects again to the characterization of his pleading as filed pursuant to 42 U.S.C. § 1983, as opposed to 18 U.S.C. § 401, however that argument has previously been addressed in this Order. As support for his contention that Defendant Ratigan engaged in "ex parte communications," Plaintiff cites to his attached Exhibits 1-9, the letter and proposed order from Defendant Ratigan to Judge Hall. [ECF #16, p. 5]. Defendant Ratigan not only states in the letter that Plaintiff, George Cleveland, is copied on the letter and will receive a copy of the letter and order via mail, but Plaintiff is also noted as copied in the bottom left hand of the corner. [ECF #16-1, Exhibit 1]. Accordingly, Plaintiff has failed to establish that these exhibits reference the existence of any ex parte communications and overrules Plaintiff's sixth objection.

Plaintiff's ninth objection is in response to the Magistrate Judge's recommendation that any allegations related to Defendant Ratigan's role as the state prosecutor are subject to summary dismissal. Plaintiff argues that, pursuant to *Strickland v. Washington*, 466 U.S. 608 (1984), Defendant Ratigan is prohibited from "crafting, writing, typing" a proposed order because she is not the judge. This is an inaccurate characterization of the holding of *Strickland v. Washington*. Furthermore, even assuming that the doctrine of prosecutorial immunity might not apply,[3] Plaintiff has not provided any legal

---

[3] Plaintiff does not object to the Magistrate Judge's reference to legal authority establishing that prosecutors acting within the scope of their duties have absolute immunity from damages liability under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

5

authority suggesting state prosecutors are precluded from providing drafted orders to the court upon request. Accordingly, this objection is overruled.

Plaintiff's tenth and eleventh objections are that neither 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915(A) ("Prisoner Litigation Reform Act of 1996") allow the Magistrate Judge to recommend summary dismissal of this contempt action. This is an inaccurate application of this statute. To the contrary, pursuant to this statute, the PLRA requires district courts to engage in a preliminary screening process of any company in which a prisoner is seeking redress from a governmental entity or an officer of a government entity. *McLean v. U.S.*, 566 F.3d 391, 394 (4th Cir. 2009). A district court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious. *Harris v. U.S. Dep't of Justice*, 680 F.2d 1109, 1111 (5th Cir. 1982). This Court agrees with the Magistrate Judge that both defendants are immune from suit in this case. Accordingly, these objections are overruled.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's Objection to the Report and Recommendation, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #9].

**IT IS THEREFORE ORDERED** that Plaintiff's complaint styled as a contempt action [ECF #1] is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's motion for injunctive relief [ECF #12] is denied as moot.

**IT IS SO ORDERED**.

| | |
|---|---|
| Florence, South Carolina<br>May 18, 2016 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |